IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| **JAMES DUNAWAY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | **7:05-cv-788-UWC** |
| **AMERICA FIRST INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION GRANTING DEFENDANT
AMERICA FIRST INSURANCE COMPANY'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

Presently before the Court is Defendant America First Insurance Company's ("AFI") Motion to Dismiss for Improper Venue and Lack of Personal Jurisdiction, Or In The Alternative, Motion To Transfer For Improper Venue. (Doc. 3.)  For the reasons that follow, this Court does not have personal jurisdiction over Defendant AFI.  Accordingly, AFI's Motion to Dismiss For Lack Of Personal Jurisdiction is due to be **GRANTED**.

**FACTUAL BACKGROUND**

The Plaintiff alleges a cause of action under the Racketeer Influenced and Corrupt Organizations Act, 28 U.S.C. §§ 1961, *et seq*. (2005)("RICO") on behalf of a class of individuals that purchased automobiles that were allegedly improperly titled.  The vehicle at issue is a 2002 Lincoln, originally owned by Donald Blocker, a Louisiana resident and AFI insured.  The vehicle was involved in an accident in Houston, Texas.  (Compl. ¶ 7.)

1

Thereafter, Blocker sold the vehicle to AFI.  AFI in turn sold the vehicle to an auction company.  (Compl. Ex. A.)  Plaintiff complains that he purchased the vehicle on-line at e-Bay Motors and that the car was misrepresented to be in excellent condition. (Compl.  ¶ 7.)  Specifically, Plaintiff complains that the car had been involved in an accident which warranted a "salvage title" by AFI before being sold, although the car was sold to Plaintiff with a normal title.  (*Id*. ¶ 9.)

## APPLICABLE LAW

The Eleventh Circuit applies a two-step test in determining whether a district court may exercise personal jurisdiction over a non-resident defendant.   First, the court must determine whether the forum state's long-arm statute provides a basis for personal jurisdiction.  *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir.  1998).   Second, the court must determine whether the defendant maintains sufficient contacts with the forum state such that exercise of personal jurisdiction over it is consistent with notions of fair play and substantial justice under the Fourteenth Amendment's  Due Process Clause.  *Int'l Shoe Co. v. Wash*., 326 U.S. 310 (1945).

Sufficient minimum contacts are those which give the defendant "fair warning" that a particular activity may subject him to the personal jurisdiction of the forum state.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).   In determining whether sufficient minimum contacts exist, the Eleventh Circuit evaluates whether (1) the defendant acted in a such a way as to avail himself of the law of the forum state, (2)

2

whether the claim is related to those acts, and (3) and whether the exercise of personal jurisdiction does not offend notions of fair play and substantial justice. *Club Car Inc. v. Club Car (Quebec) Import Inc.*, 362 F.3d 775 (11th Cir. 2004).

Alabama's long-arm statute authorizes Alabama courts to exercise personal jurisdiction to the fullest extent possible under the Due Process Clause. Ala. R. Civ. P. 4.2 (a). Alabama's Rules also provide that a person has sufficient contacts with the forum state when that person may be held responsible as a result of that person's conducting business with the state. *Id*. Finally, where the forum state's long-arm statute authorizes the court to assert personal jurisdiction to the fullest extent possible under the Due Process Clause, the Court need not examine the state statue, for then the only analysis becomes that of whether exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 n.3 (11th Cir. 1988).

## ANALYSIS

Because Alabama's long-arm statute authorizes personal jurisdiction to the fullest extent possible, the following analysis will examine only the constitutional question, that is, whether this Court's exercise of personal jurisdiction over Defendant AFI comports with notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment. *Morris v. SSE Inc.*, 843 F.2d 489, 492 n.3 (11th Cir. 1988).

AFI argues that it lacks sufficient minimum contacts with the state of Alabama and

for this Court to exercise jurisdiction over AFI would run afoul of traditional notions of fair play and substantial justice under the Due Process Clause.  Specifically, AFI states that it is a New Hampshire corporation, with its principal place of business in Dallas Texas.  (Doc. 3, Def.'s Mot. to Dismiss, Ex. A, Andrzejewski Aff. ¶ 2.)  AFI asserts that it has never had an office or employees in Alabama. (*Id*. ¶¶ 3,4.)  AFI further contends that it is not licensed to do business in Alabama and has never transacted business in Alabama. (*Id*. ¶ 5)  AFI's only contact with Alabama occurred in November 2001, when AFI payed claims involving non-Alabama insureds.  (*Id*. ¶ 7.)

Plaintiff did not respond to AFI's Motion to Dismiss and has therefore failed to demonstrate that AFI has sufficient contacts with the state of Alabama.  On AFI's allegations and supporting facts alone, AFI has no apparent contacts with the Alabama forum.  It follows that this Court is without power to exercise personal jurisdiction over AFI.  Because the issue of personal jurisdiction is dispositive, the Court will not address AFI's Motion regarding venue.  Accordingly, AFI's Motion To Dismiss is due to be **GRANTED** for want of personal jurisdiction.

Done this 29th day of July, 2005.

_____
U.W. Clemon
Chief United States District Judge